# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIFFORDS, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> NATIONAL RIFLE ASSOCIATION OF ) <br> AMERICA POLITICAL VICTORY FUND; ) <br> ) <br> NATIONAL RIFLE ASSOCIATION OF ) <br> AMERICA INSTITUTE FOR LEGISLATIVE ) <br> ACTION; ) <br> ) <br> MATT ROSENDALE FOR MONTANA; and ) <br> ) <br> JOSH HAWLEY FOR SENATE, ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No. 1:21-cv-02887-EGS |

## RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Neither of the two recent decisions Plaintiff identifies (ECF 48) bolster Plaintiff's standing.

*First*, *Campaign Legal Center v. FEC*, 2022 WL 1144694 (D.C. Cir. Apr. 19, 2022), did not hold that an informational injury arises in cases like this one. Here, NRA Defendants have made extensive factual disclosures regarding the date and amount of each individual expenditure. *See* ECF 1 ¶¶ 106, 149, 152, 156 (identifying allegedly coordinated communications). Owing to such detailed reporting, Giffords can identify the precise expenditures it alleges are coordinated down to the dollar, and thus Giffords only requests a legal determination that the expenditures were coordinated—which does not satisfy the informational standing doctrine *See* ECF 30 at 23-24; ECF 42 at 16-18 (Defendant Matt Rosendale for Montana's briefing).

In *Campaign Legal Center*, by contrast, there were no such individualized disclosures of each expenditure. To the contrary, the intervenor-defendant political action committee in that case

only disclosed "'lump sum' disbursements." *Campaign Legal Ctr.*, 2022 WL 1144694, at *7. These lump sums included aggregated "payroll, salaries, travel, lodging, rent, or fundraising" expenses, but did not "reveal which portion of each expenditure funded coordinated activities." *Id.* Thus, if plaintiffs in that case were to succeed, that defendant "would be required to *disaggregate* its reporting to show the actual amounts of various expenditures that were in-kind contributions." *Id.* (emphasis added).

Because there is no need for such disaggregation here—where Defendants have already made expenditure-by-expenditure disclosures—the only result that Plaintiff seeks is relabeling those expenditures as coordinated communications. Thus this case both falls outside of *Campaign Legal Center*'s holding and does not implicate the D.C. Circuit's concern that "political committees and campaigns could simply report information in increasingly broad, undifferentiated lump sums" to avoid expenditure-by-expenditure disclosure. *Id.* at *9.

*Second*, *End Citizens United PAC v. FEC*'s unremarkable conclusion that the plaintiff in that case had "standing to challenge the *FEC's dismissal of its complaint*" has no bearing here. 2022 WL 1136062, at *2 n.3 (D.D.C. Apr. 18, 2022) (emphasis added). Here, Defendants have challenged non-candidate Plaintiff's standing to sue Defendants (including campaign committees) for alleged campaign-finance violations. This case does not concern Plaintiff's standing to sue about dismissal of its administrative complaint.

Furthermore, even if the *End Citizens United* court had occasion to consider the standing issues presented in this case, the court's one-sentence footnote offers no reasoning and was not the result of an adversarial process because the FEC did not even appear in that case. *Id.* at *1, *2 n.3. Thus it has no persuasive value here.

Accordingly, Defendant Matt Rosendale for Montana respectfully requests that this Court dismiss Plaintiff's Complaint.

Dated: April 25, 2022                                              Respectfully submitted,

                                                                   */s/ Scott A. Keller*

Chris K. Gober                                                     Scott A. Keller
D.C. Bar No. 975981                                                D.C. Bar No. 1632053
The Gober Group PLLC                                               Lehotsky Keller LLP
14425 Falcon Head Blvd. E-100                                      200 Massachusetts Ave. NW
Austin, TX 78738                                                   Washington, DC 20001
(512) 354-1783                                                     (512) 693-8350
cg@gobergroup.com                                                  scott@lehotskykeller.com

Eric Wang                                                          *Counsel for Defendant*
D.C. Bar No. 974038                                                *Matt Rosendale for Montana*
The Gober Group PLLC
1501 Wilson Blvd., Suite 1050
Arlington, VA 22209
(202) 417-3528
ew@gobergroup.com

## CERTIFICATE OF SERVICE

      This document was served on counsel for all parties on April 25, 2022, using the Court's CM/ECF file and service system.

*/s/ Scott A. Keller*
Scott A. Keller
