IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GIFFORDS,

           Plaintiff,

      v.

NATIONAL RIFLE ASSOCIATION OF
AMERICA POLITICAL VICTORY FUND,
*et al.*,

          Defendants.

No. 21-cv-2887-EGS

## NOTICE OF SUBSEQUENT DEVELOPMENTS

Defendants Josh Hawley for Senate, the National Rifle Association of America Political Victory Fund, and the National Rifle Association of America, respectfully notify the Court of subsequent factual developments regarding the matters underlying the present case.

On September 1, 2022, the Federal Election Commission ("FEC" or "Commission") informed Defendants that it has "successfully vote[d] to close the file in FEC Matters Under Review ("MURs") 7427, 7497, 7524, and 7553 . . ." The FEC notified Defendants of the successful vote to close the file via letter (attached hereto as **Exhibit A**), and also by filing Notices of Subsequent Developments in two suits designated as "related" this case, captioned as *The National Rifle Association of America Political Victory Fund et al. v. Federal Election Commission*, 1:22-cv-01017, and *Josh Hawley For Senate v. Federal Election Commission*, 1:22-cv-01275 (collectively, the "FOIA Suits"). The Notices of Subsequent Developments filed by the FEC in the FOIA Suits are attached hereto as **Exhibit B**. In addition to indicating that the files have been closed, the FEC further noted that "[d]ocuments related to the case will be placed on the public

record within 30 days [and a] Statement of Reasons explaining the Commission's decision will follow." Ex. A.

As this Court is well aware, "Plaintiff Giffords brings this action under 52 U.S.C. § 30109(a)(8)(C) . . ." Complaint at 2 (ECF No. 1). Under 52 U.S.C. § 30109(a)(8)(C), a district court may authorize an administrative complainant to file a direct suit against the administrative respondents only when the FEC fails to "act" on an administrative complaint. *See* 52 U.S.C. § 30109(a)(8)(A), (C). While Defendants have maintained from the outset that the FEC did in fact "act" on the Plaintiff's administrative complaints when it deadlocked 3-2 on motions to find reason to believe in February 2021, *see generally* Defendants' respective Motions to Dismiss, ECF Nos. 31, 35, 43, 44, Plaintiff has argued that the FEC had not acted on Plaintiff's administrative complaints because the FEC did not formally "vote to close the file." *See* Plaintiff's Combined Memorandum in Opposition to Defendants' Motions to Dismiss, ECF No. 39.

While the parties in this suit disagree as to the legal significance of a Commission vote to close the file, including, *e.g.*, whether a vote to "close the file" has any effect on whether the FEC has "acted" on an administrative complaint for the purposes of 52 U.S.C. § 30109(a)(8), the above-referenced developments, *i.e.*, the FEC's completion of its routine, *pro forma*, and ministerial final act of voting to close the file, make it beyond dispute that the FEC has, as Defendants have maintained from the outset, acted on Plaintiff's administrative complaints. Given the various fully-briefed motions pending before the Court—*i.e.*, Matt Rosendale For Montana's Motion to Dismiss (ECF Nos. 30, 39, 42); Josh Hawley for Senate's Motion to Dismiss (ECF Nos. 31, 40, 44); the NRA Affiliates' Motion to Dismiss (ECF Nos. 35, 41, 43); and the NRA Affiliates' and Josh Hawley for Senate's Joint Motion to Hold Proceedings in Abeyance (ECF Nos. 52, 55, 57)—Defendants submit this Notice to provide the Court with this immediate update.

Finally, while Defendants maintain that this Court lacks subject matter jurisdiction over this case and that Plaintiff failed to state a claim on which relief can be granted—arguments that are only bolstered by these developments—the undersigned defense counsel will confer with Plaintiff's counsel to confirm whether it agrees that this case may be dismissed. If, however, Plaintiff indicates that it will not agree to dismiss the case, then Defendants intend to move the Court for a status conference, preferably to be held after the FEC releases the statement of reasons pertaining to the underlying MURs, which the FEC has indicated will likely be released by September 30, 2022. *See* Ex. B (notices filed by the FEC in the FOIA Suits on September 1, 2022, stating that "categories of documents integral to [the FEC's] decision-making process in the MURs, including certifications of Commission votes and Commissioner statements of reasons," are likely to be placed on the public record by September 30, 2022).

Dated: September 13, 2022

DICKINSON WRIGHT PLLC

/s/ Charles R. Spies
Charles R. Spies, Bar ID: 989020
1825 Eye Street, N.W., Ste 900
Washington, D.C. 20006
(202) 466-9654
Facsimile: (844) 670-6009
cspies@dickinsonwright.com

Robert L. Avers, Bar ID: MI0083
350 S. Main Street, Ste 300
Ann Arbor, MI 48104
(734) 623-1672
ravers@dickinsonwright.com

*Attorneys for Defendants the National Rifle Association of America & the National Rifle Association of America Political Victory Fund*

Respectfully submitted,

HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC

/s/ Jason Torchinsky
Jason Torchinsky, Bar ID: 976033
J. Michael Bayes, Bar ID: 501845
Jessica F. Johnson, Bar ID: 976688
Dennis W. Polio, Bar ID: 198054
2300 N Street, NW, Ste 643A
Washington, D.C. 20037
(202) 737-8808
Fax: (540) 341-8809
jtorchinsky@holtzmanvogel.com
mbayes@holtzmanvogel.com
jessica@holtzmanvogel.com
dwpolio@holtzmanvogel.com

*Counsel for Defendant Josh Hawley for Senate*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2022, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.


<u>/s/ Jason Torchinsky</u>