UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GIFFORDS

    Plaintiff,

                                                    Case no: 1:21-cv-02887-EGS

v.                                                 Hon. Emmet G. Sullivan

NATIONAL RIFLE ASSOCIATION OF
AMERICAN POLITICAL VICTORY
FUND, et al,

    Defendants.

_____/

**<u>DEFENDANTS THE NATIONAL RIFLE ASSOCIATION OF AMERICA, THE
NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND,
AND JOSH HAWLEY FOR SENATE'S JOINT MOTION FOR STATUS CONFERENCE</u>**

    Defendants the National Rifle Association of America and the National Rifle Association of America Political Victory Fund (collectively, the "NRA Affiliates"), and Josh Hawley for Senate (the "Hawley Campaign"), by and through their respective counsel, jointly move for a status conference pursuant to Fed. R. Civ. Proc. Rule 7(b) and paragraph 3(b) of the Standing Order entered by this Court on December 3, 2021 (instructing parties "to communicate with the Court in writing by motion," including for "inquiries regarding the status or scheduling of any pending matter . . . .").

    Recent developments clearly demonstrate beyond any reasonable doubt that this Court lacks jurisdiction to continue hearing this case pursuant to statutory prerequisites. It is now known to all that the FEC did not fail to act and did make a final determination as to the underlying administrative complaints at least a year-and-a-half ago. In light of these developments, Defendants move the Court for a status conference, or, in the alternative, an order directing

Giffords to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Defendants accordingly state as follows:

1. Plaintiff Giffords brought this suit under 52 U.S.C. § 30109(a)(8)(C), *see* Complaint at 2 (ECF No. 1), which permits a district court to authorize an administrative complainant to file a direct suit against the administrative respondents if the FEC fails to "act" on an administrative complaint. *See* 52 U.S.C. § 30109(a)(8)(A), (C).

2. Although Giffords brought this suit based on the supposed *appearance* that the underlying administrative complaints sat idle before the FEC, Defendants have maintained from the outset that things are not as they may appear publicly. Rather, certain Commissioners on the losing end of reason to believe votes refused to close those matters, which under the FEC's internal practices left the administrative record—including the controlling commissioners' statement of reasons reflecting the rationale and result of the Commission's determination—shielded both from public view, *and from judicial review*. This, despite the fact that the Commission had already reached a full and final disposition of those matters. Defendants have characterized this as the "Weintraub Scheme," *see generally* ECF No. 35-1 at 10-14.

3. That in mind, the fact that the Commission had held reason to believe votes on the MURs serving as the basis for this case, and also that the controlling Commissioners had issued a statement of reasons for those MURs, clearly caused some level of doubt in the related litigation that preceded this case—*Giffords v. FEC*, No. 1:19-cv-01192-EGS—as to whether the FEC had truly failed to act as is required for the Court to permit a private suit under 52 U.S.C. § 30109(a)(8)(C). In fact, during a status conference held in that case on November 1, 2021, this Court acknowledged that "if the Court hypothetically today were to say to the plaintiff, proceed with your private action, then [the issue of whether the prerequisites for a private suit under section

30109(a)(8)(C) had truly been met] would be a legitimate issued to be raised by defense counsel" in that private action. Hr'g Tr., *Giffords v. FEC*, No. 1:19-cv-1192-EGS (D.D.C. Nov. 1, 2021), ECF No. 78 at 8:1 – 4.

4. Notwithstanding the question of whether the statutorily required conditions precedent to a direct suit were satisfied, namely, whether the FEC had indeed failed to act on the administrative complaints despite the Commission's failed reason to believe votes and the presence of the controlling Commissioners' statement of reasons in the administrative record, the Court authorized Giffords to file suit against the respondents under 52 U.S.C. § 30109(a)(8)(C). *See Giffords v. FEC*, No. 1:19-cv-01192-EGS, ECF No. 75 (Order dated Nov. 1, 2021).

5. As a result, Giffords filed this suit against the Defendants. Each of the Defendants timely moved to dismiss under Rule 12 of the Federal Rules of Procedure. *See* ECF Nos. 30 (Matt Rosendale for Montana's Motion to Dismiss); 31 (Josh Hawley for Senate's Motion to Dismiss); & 35 (NRA Affiliates' Motion to Dismiss). Those motions, two of which are briefly summarized here, are fully-briefed before the Court.

6. For their part, the NRA Affiliates seek dismissal of Gifford's complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, the NRA Affiliates maintain that Giffords' claimed basis for subject matter jurisdiction—the notion that the FEC somehow "failed to act" on the administrative complaints under 52 U.S.C. § 30109(a)(8) despite the Commission having failed to muster the requisite number of votes to find reason to believe that some violation had occurred in the underlying MURs, and despite the controlling commissioners submitting their final statement of reasons to the administrative record—is factually inaccurate. Rather, the FEC *did* act on those matters, neither of the conditions precedent for this Court to exercise subject matter

jurisdiction under section 30109(a)(8) are present here, and Giffords' complaint should be dismissed for want of jurisdiction. *See generally* ECF No. 35.

7.  The Hawley Campaign also seeks dismissal under Rule 12. Specifically, the Hawley Campaign contends that under D.C. Circuit precedent, the FEC's deadlocked votes on whether there was reason to believe a violation of the law occurred had the legal effect of dismissing the administrative complaints. *See CREW v. FEC*, 993 F.3d 880, 891 (D.C. Cir. 2021) (referring to "'deadlock dismissals,' namely dismissals resulting from the failure to get four votes to proceed with an enforcement action," and rejecting the view that four votes are required to dismiss a complaint following a deadlocked enforcement vote). Under that precedent, the FEC's substantive votes that deadlocked and thereby failed to find reason to believe by the required four votes had the legal effect of dismissing the administrative complaints. As a result, the Hawley Campaign maintains that Giffords has failed to state a claim upon which relief can be granted, and that Giffords' complaint should be dismissed under Rule 12(b)(6).[1] *See* ECF No. 31.

8.  Meanwhile, in an effort to gain access to the FEC's concealed administrative record and to show the *true* status of the MURs—information that this Court was deprived of when it authorized the instant suit—Defendants sought from the FEC relevant records, including unredacted vote certifications and statements of reasons, through separate Freedom of Information Act ("FOIA") requests. Salient to the pending motions to dismiss, the records sought through FOIA are likely to further demonstrate that this Court lacks subject matter jurisdiction where the FEC has in fact "acted" on the administrative complaints giving rise to this case, a legally controlling statement of reasons has been withheld from this Court, and the statutory preconditions for filing this lawsuit in the first instance have not been met.

---

[1] The NRA Affiliates joined that aspect of the Hawley Campaign's motion to dismiss.

9. After the FEC denied the FOIA requests, each Defendant sued the FEC for violating FOIA and requested an order from the Court compelling the FEC to disclose the requested materials. *See generally National Rifle Association of America Political Victory Fund et al. v. Federal Election Commission*, 1:22-cv-01017, and *Josh Hawley For Senate v. Federal Election Commission*, 1:22-cv-01275 (collectively, the "FOIA Suits").

10. On July 29, 2022, Defendants moved to hold this case in abeyance pending resolution of the FOIA Suits on the grounds that the documents sought through FOIA would aid the Court in resolving the pending motions to dismiss. *See* ECF No. 52.

11. While the movants have consistently maintained that the record before the Court on the motions to dismiss clearly shows that the statutory prerequisites for jurisdiction are not present here, subsequent public developments have only bolstered that argument. These subsequent developments demonstrate that the FEC did not fail to act and that it did, in fact, make a final determination as to the underlying administrative complaints. The FEC, however, failed to disclose these facts when three Commissioners engaged in the "Weintraub Scheme."

12. For example, on May 13, 2022, FEC Chairman Allen Dickerson and Commissioners Sean Cooksey and Trey Trainor issued a public statement explaining that the FEC has "concluded" its "work" on a MUR where, as with the MURs at issue here, the FEC has voted on the merits of an administrative complaint and failed to garner the four votes required under FECA to proceed with enforcement. *See* Statement of Chairman Allen J. Dickerson and Commissioners Sean J. Cooksey and James E. "Trey" Trainor, III, Regarding Concluded Enforcement Matters (May 13, 2022), ECF No. 52-1, at 2-3. The Commissioners further explained that "the Commission *has already passed judgment* on the entirety of the merits in these matters," *id*. at 3-4 (emphasis in original), and these situations are very different from "a matter that the

Commission is considering piecemeal over the course of several [sessions] but where it has yet to vote on all the enforcement questions presented." *Id*. Given that "votes have been taken as to all parties and statements of reasons have been included in the file by the commissioners declining to move forward," the Commissioners explained, "there is no basis for claiming that the Commission is continuing to deliberate." *Id.* at 1-2. As a result of its deadlock, the Commission has "finished" its work and, "in fact, acted." *Id.* at 1, 4.

13. The Commissioners continued, explaining that "[l]awsuits have been filed against the Commission for 'failing to act' even though we have, in fact, acted. We have *affirmatively misled* respondents by claiming these matters remain pending when they are concluded. *And our actions have been intentionally shielded from both judicial and public review*." *Id*. at 1 (emphasis added).

14. Even more recently—on June 28, 2022—those three Commissioners issued yet another written statement, this time detailing the FEC's continued deceptions as to several FOIA matters, including the above-referenced FOIA Suits. *See* Statement of Chairman Allen J. Dickerson and Commissioners Sean J. Cooksey and James E. "Trey" Trainor, III, Regarding Freedom of Information Act Litigation (June 28, 2022), ECF No. 52-2. That statement indicates in clear and certain terms that, despite Giffords' contention otherwise, the FEC *did* act on the administrative complaints upon which this suit is based. The Commissioners' unequivocal statement that "both the [vote] certifications and statements [of reason] reflect final agency action" dispels any notion that this Court has jurisdiction over this case based on the now clearly false idea that the FEC failed to act on the administrative complaints here. *Id*. at 3. *See also id*. at 3-4 ("the Commission has, for all relevant purposes, disposed of the matter[s]," and "the Commission has abandoned any further consideration of its merits."). Thus, the only logical and reasonable

interpretation of the Commissioners' June 28, 2022 Statement is that the FEC had fully disposed of the MURs on which the current case is based—a conclusion that is only further bolstered by what happened next.

15. On September 1, 2022, the FEC informed Defendants that it had "successfully vote[d] to close the file in FEC [MURs] 7427, 7497, 7524, and 7553 . . ." ECF No. 58-1. In addition to indicating that the files had been closed, the FEC also indicated that "[d]ocuments related to the case will be placed on the public record within 30 days [and a] Statement of Reasons explaining the Commission's decision will follow." *Id*.

16. On September 13, 2022, Defendants promptly alerted the Court of the FEC's successful vote to close the files in the underlying MURs by submitting a Notice of Subsequent Developments. *See* ECF No. 58.

17. Defendants have maintained from the outset that the FEC did in fact "act" on the Plaintiff's administrative complaints when it deadlocked 3-2 on motions to find reason to believe in February 2021. *See generally* Defendants' respective Motions to Dismiss, ECF Nos. 31, 35, 43, 44. Giffords, on the other hand, has argued that the FEC had not acted on Plaintiff's administrative complaints because the FEC did not formally "vote to close the file." *See* Plaintiff's Combined Memorandum in Opposition to Defendants' Motions to Dismiss, ECF No. 39.

18. As the Movants explained in their Notice of Subsequent Developments, ECF No. 58, while the parties in this suit disagree as to the legal significance of a Commission vote to close the file, including, *e.g.*, whether a vote to "close the file" has any effect on whether the FEC has "acted" on an administrative complaint for the purposes of 52 U.S.C. § 30109(a)(8), the above-referenced developments, including but not limited to the FEC's completion of its final act of

voting to close the file, make it beyond dispute that the FEC has, as Defendants have maintained from the outset, acted on Giffords' administrative complaints.

19. As anticipated by the movants' Notice of Subsequent Developments, on September 13, 2022, counsel for the Hawley Campaign alerted Giffords' counsel that the FEC had voted to close the file in the MURs at issue in this case, and asked whether, in light of that action by the FEC, Giffords would consent to a voluntary dismissal of this case. On September 15, 2022, Giffords' counsel responded, indicating that Giffords would not consent to dismissal.

20. In an effort to move this proceeding forward, counsel for the Hawley Campaign further inquired whether, in light of the FEC's admission of action and closure of the files, Giffords would articulate why this court still has jurisdiction over this case. Giffords, however, refused to provide a basis for this Court's continued jurisdiction over this matter.

21. Meanwhile, on September 30, 2022, the FEC placed on the public record various documents that correspond with the underling MURs in this case—including Commissioner statements of reasons. *See generally* FEC Public Record re: MUR 7427, *available at* https://www.fec.gov/data/legal/matter-under-review/7427/; FEC Public Record re: MUR 7497, *available at* https://www.fec.gov/data/legal/matter-under-review/7497/; FEC Public Record re: MUR 7524, *available at* https://www.fec.gov/data/legal/matter-under-review/7524/; FEC Public Record re: MUR, *available at* 7553: https://www.fec.gov/data/legal/matter-under-review/7553/. The FEC's full administrative record, to which neither this Court nor any of the Parties had access before now, demonstrates beyond a shadow of a doubt that the FEC "acted on" the MURs more than a year-and-a-half ago.

22. In light of the fully-briefed motions pending before the Court (*i.e.*, Matt Rosendale For Montana's Motion to Dismiss (ECF Nos. 30, 39, 42); Josh Hawley for Senate's Motion to

Dismiss (ECF Nos. 31, 40, 44); the NRA Affiliates' Motion to Dismiss (ECF Nos. 35, 41, 43); and the NRA Affiliates' and Josh Hawley for Senate's Joint Motion to Hold Proceedings in Abeyance (ECF Nos. 52, 55, 57)), the FEC's closure of the MUR files, and the FEC's public disclosure of the underlying MUR files, Defendants respectfully move the Court for a status conference, or, in the alternative, an order directing Giffords to show cause why this case should not be dismissed for lack of subject matter jurisdiction as a result of the various developments described herein (and affording Defendants an opportunity to respond in kind).

23. On October 13, 2022, counsel for the Hawley Campaign contacted Giffords' counsel to determine whether Giffords would oppose the relief sought in this joint motion. On October 14, 2022, Giffords' counsel indicated they do not consent to the relief sought in this motion.

24. This motion is accompanied by a Statement of Points and Authorities, as well as a Proposed Order. *See* LCvR 7(a), (c).

Dated: October 14, 2022                                        Respectfully submitted,

| DICKINSON WRIGHT PLLC | HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC |
|---|---|
| /s/ Charles R. Spies<br>Charles R. Spies, Bar ID: 989020<br>1825 Eye Street, N.W., Ste 900<br>Washington, D.C. 20006<br>(202) 466-9654<br>Facsimile: (844) 670-6009<br>cspies@dickinsonwright.com<br><br>Robert L. Avers, Bar ID: MI0083<br>350 S. Main Street, Ste 300<br>Ann Arbor, MI 48104<br>(734) 623-1672<br>ravers@dickinsonwright.com | /s/ Jason Torchinsky<br>Jason Torchinsky, Bar ID: 976033<br>J. Michael Bayes, Bar ID: 501845<br>Jessica F. Johnson, Bar ID: 976688<br>Dennis W. Polio, Bar ID: 198054<br>2300 N Street, NW, Ste 643A<br>Washington, D.C. 20037<br>(202) 737-8808<br>Fax: (540) 341-8809<br>jtorchinsky@holtzmanvogel.com<br>mbayes@holtzmanvogel.com<br>jessica@holtzmanvogel.com<br>dwpolio@holtzmanvogel.com |

| | |
|---|---|
| *Attorneys for Defendants the National Rifle Association of America & the National Rifle Association of America Political Victory Fund* | *Attorneys for Defendant Josh Hawley for Senate* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GIFFORDS

    Plaintiff,

Case no: 1:21-cv-02887-EGS

v.

Hon. Emmet G. Sullivan

NATIONAL RIFLE ASSOCIATION OF
AMERICAN POLITICAL VICTORY
FUND, et al,

    Defendants.

_____/

### DEFENDANTS THE NATIONAL RIFLE ASSOCIATION OF AMERICA, THE NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND, AND JOSH HAWLEY FOR SENATE'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR STATUS CONFERENCE

In support of their motion for a status conference, Defendants the National Rifle Association of America, the National Rifle Association of America Political Victory Fund, and Josh Hawley for Senate rely upon the facts, argument, and authority set forth in their accompanying motion.

WHEREFORE, Defendants the National Rifle Association of America, the National Rifle Association of America Political Victory Fund, and Josh Hawley for Senate respectfully request that the Court grant their motion requesting a status conference.

Dated: October 14, 2022                       Respectfully submitted,

| DICKINSON WRIGHT PLLC | HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC |
|---|---|
| /s/ Charles R. Spies<br>Charles R. Spies, Bar ID: 989020<br>1825 Eye Street, N.W., Ste 900<br>Washington, D.C. 20006<br>(202) 466-9654 | /s/ Jason Torchinsky<br>Jason Torchinsky, Bar ID: 976033<br>J. Michael Bayes, Bar ID: 501845<br>Jessica F. Johnson, Bar ID: 976688<br>Dennis W. Polio, Bar ID: 198054 |

Facsimile: (844) 670-6009
cspies@dickinsonwright.com

Robert L. Avers, Bar ID: MI0083
350 S. Main Street, Ste 300
Ann Arbor, MI 48104
(734) 623-1672
ravers@dickinsonwright.com

*Attorneys for Defendants the National Rifle Association of America & the National Rifle Association of America Political Victory Fund*

2300 N Street, NW, Ste 643A
Washington, D.C. 20037
(202) 737-8808
Fax: (540) 341-8809
jtorchinsky@holtzmanvogel.com
mbayes@holtzmanvogel.com
jessica@holtzmanvogel.com
dwpolio@holtzmanvogel.com

*Attorneys for Defendant Josh Hawley for Senate*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I caused a true and correct copy of the foregoing document to be served upon all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.

/s/ Charles R. Spies
Charles R. Spies (ID 989020)