IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIFFORDS,<br><br>                *Plaintiff*,<br><br>      v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND, et al.,<br><br>                *Defendant*. | Case No. 1:21-cv-2887-EGS |

**PLAINTIFF GIFFORDS'S OPPOSITION TO DEFENDANTS'
MOTION FOR A STATUS CONFERENCE OR
IN THE ALTERNATIVE FOR AN ORDER TO SHOW CAUSE**

      Plaintiff Giffords respectfully submits this opposition to the motion of Defendants National Rifle Association of America, National Rifle Association of America Political Victory Fund and Josh Hawley for Senate for a status conference, or in the alternative, an order to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. The motion should be denied because it is effectively a request for the Court to accelerate its consideration of movants' pending motions to dismiss, *see* ECF Nos. 31, 35—which assert the same meritless arguments made by the instant motion—in the absence of any new relevant facts or justification for the expedited procedure of a show-cause order. *See* 5 Wright & Miller, Fed. Prac. & Proc. § 1195 (3d ed. 2004) (explaining that "[o]rders to show cause . . . are not generally provided for in the Federal Rules of Civil Procedure," and are obviated by motion practice under Rules 6 and 7).

      The bulk of Defendants' motion, *see* Mot. ¶¶ 1-18, simply regurgitates the same arguments and allegations that Defendants have already put before this Court in their pending motions to dismiss, ECF Nos. 31, 35, pending motion for an abeyance, ECF No. 52, and September 13, 2022

notice of subsequent developments, ECF No. 58. For example, citing their own motions to dismiss, movants reiterate their incorrect claim that subject-matter jurisdiction is lacking because allegedly "the FEC did in fact 'act' on the Plaintiff's administrative complaints when it deadlocked 3-2 on motions to find reason to believe in February 2021." Mot. ¶ 17. But the Court has been aware of those votes since March 2021 due to filings in Giffords's related lawsuit challenging the Federal Election Commission's ("FEC") unreasonable delay in acting on Plaintiff's administrative complaint. *See Giffords v. FEC*, No. 19-cv-1192-EGS (D.D.C.), ECF Nos. 66, 67. Thereafter, the Court held in that case that the FEC's failure to act was contrary to law, *id.*, ECF No. 88, the FEC failed to conform to the Court's judgment, *id.*, ECF No. 75, and Giffords was thus entitled to file this citizen suit against Defendants, *id.*[1] In this case, Defendants nevertheless claim in their motions to dismiss that the February 2021 votes deprive this Court of subject-matter jurisdiction. The parties have briefed that issue at length, *see* Pl.'s Combined Mem. of Points and Authorities in Opp'n to all Defs' Mots. to Dismiss ("Giffords's MTD Opp'n") at 29-48 (Feb. 18, 2022), ECF No. 41 (explaining that Giffords has satisfied the statutory prerequisites for filing this citizen suit), and there is no need for the parties to rehash their arguments in briefing on a show-cause order or at a hearing for the purpose of seeking such an order.

The remainder of Defendants' motion fails to identify any "[r]ecent developments" that support their motions to dismiss or could justify a show-cause order. *See* Mot. at 1. First, movants

---

[1]  Movants contend this Court "acknowledged that 'if the Court hypothetically today were to say to the plaintiff, proceed with your private action, then [the issue of whether the prerequisites for a private suit under section 30109(a)(8)(C) had truly been met] would be a legitimate issue to be raised by defense counsel." Mot. at 2. Respectfully, Movants' alteration misrepresents the quoted exchange between this Court and FEC counsel. *See* Nov. 1, 2021 Hr'g. Tr. at 8:16-9:4, *Giffords v. FEC*, No. 1:19-cv-1192 (D.D.C. Dec. 27, 2021), ECF No. 89. In any event, immediately after that status conference, the Court issued an order acknowledging Giffords's right to bring this citizen suit. *See Giffords v. FEC*, No. 19-cv-1192-EGS (D.D.C.), ECF No. 75.

2

cite two public statements issued in May and June of this year by a non-majority of FEC Commissioners that simply parrot the incorrect legal theories movants advance in this litigation. *See, e.g.*, Mot. ¶¶ 12, 14. These irrelevant statements are neither agency policy, *see, e.g.*, Giffords MTD Opp'n at 37, nor "recent," as movants have previously filed them in this case, *see* ECF Nos. 52-1, 52-2. Indeed, the statements appear to merely reflect the extent to which the Commissioners' disputes over enforcement are increasingly taking place in public rather than behind closed doors. *See also* Statement of Commissioner Ellen L. Weintraub On the Voting Decisions of FEC Commissioners, (Oct. 4, 2022).[2]

Second, movants inform the Court (again, *see* ECF No. 58) that on September 1, 2022, the FEC told the administrative parties that it successfully voted to close the file in the underlying enforcement matters, and would release portions of those files to the public 30 days later. *See* Mot. ¶ 15. Those records have now been released, *see id.* ¶ 21, and movants assert that, as a result, "[i]t is now known to all that the FEC did not fail to act and did make a final determination as to the underlying administrative complaints at least a year-and-a-half ago," *id.* at 1. But movants fail to identify any newly released information supporting that assertion, *see, e.g., id.* ¶¶ 21-22, and indeed there is none. Instead, the FEC's file merely confirms that the FEC held a series of failed votes in February 2021 and two Commissioners later submitted a statement of reasons to the administrative record—facts of which this Court was already aware in 2021 when it ruled the FEC's failure to act was contrary to law and that the FEC failed to conform. *See* Giffords's MTD Opp. at 14-16. To the extent it reveals any new relevant information, the FEC's enforcement file confirms that this Court correctly found the FEC failed to conform. On September 30, 2021, the

---

[2] *See* https://www.fec.gov/resources/cms-content/documents/2022-10-04-ELW-Statement-on-Voting-Decisions.pdf.

Court ordered the FEC "to conform to the Court's Order within 30 days . . . by making the reason-to-believe determination set forth in 52 U.S.C. § 30109(a)(2)." Mem. Op. at 31, *Giffords v. FEC*, No. 1:19-cv-1192 (D.D.C. Oct. 14, 2021), ECF No. 88. But the agency did not even attempt to comply by holding a vote on whether to find reason to believe before the deadline to conform. *See* Vote Certification, October 26, 2021, https://www.fec.gov/files/legal/murs/7427/7427_44.pdf (showing only a failed vote to close the file).

Finally, movants also stress that the FEC closed the relevant enforcement files on August 29, 2022, but provide no basis for their apparent view that this warrants dismissal of the case. *See* Mot. ¶¶ 18-19. Giffords satisfied the statutory prerequisites for filing this citizen suit on November 1, 2021, after the FEC failed to conform to the Court's September 30, 2021 Order finding the FEC's failure to act contrary to law. *See* Giffords's MTD Opp'n at 30-32. Movants do not (and cannot) explain how the FEC's closure of the file *more than 10 months later* changes these facts. Indeed, it is indisputable that the FEC's closure of the file on August 29, 2022 did not occur within 120 days of when Giffords filed its administrative complaints in 2018. *See* 52 U.S.C. § 30109(a)(8) (giving Plaintiff right to sue if FEC fails to act on a complaint within 120 days). Nor does the belated closure—eight months after the Court entered final judgment against the FEC—reflect timely agency action sufficient to cure the agency's prior failure to act. *Cf. Democratic Senatorial Campaign Comm. v. FEC*, No. 95-cv-0349, 1996 WL 34301203, at *4, *9 (D.D.C. Apr. 17, 1996) (finding FEC's delay contrary to law even though six months after suit was *filed* challenging the delay the FEC voted to find reason to believe and began an investigation).

For these reasons, Defendants' motion seeking a show-cause order or a status conference for the purpose of seeking such an order should be denied. While Plaintiff would of course not oppose a genuine status conference if the Court would find it helpful, movants have not identified

4

any reason to disturb the Court's consideration of the pending motions to dismiss in the normal course.

Dated: October 24, 2022

David Pucino†
GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
244 Madison Ave Suite 147
New York, NY 10016
(917) 524-7816
dpucino@giffords.org

† *Admitted* Pro Hac Vice

Respectfully submitted,

/s/ *Molly E. Danahy*
Kevin P. Hancock* (DC Bar No. 90000011)
Molly E. Danahy (DC Bar No. 1643411)
Mark P. Gaber (DC Bar No. 988077)
CAMPAIGN LEGAL CENTER ACTION
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
khancock@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org
mgaber@campaignlegalcenter.org

*Counsel for Plaintiff Giffords*

* *Admitted* pro hac vice*. D.D.C. Bar membership application pending.*