IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIFFORDS,<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND, *et al.*,<br><br>*Defendants*. | Case No. 1:21-cv-02887 (LLA) |

**JOINT STATUS REPORT**

Pursuant to the Court's minute order entered January 9, 2023, the parties hereby submit this joint status report.

**I.      Position of Plaintiff Giffords**

Plaintiff Giffords respectfully submits that there have been no material developments in this case since the last filing on September 29, 2023. Defendants' motions to dismiss, *see* ECF Nos. 30, 31, 35, have been fully briefed since March 4, 2022, *see* ECF Nos. 39-44, and any subsequent legal developments have been adequately addressed in the parties' supplemental filings, *see* ECF Nos. 48, 50, 51, 52, 55, 57-73. Although the NRA contends that material developments in *other* cases justify additional briefing here, they concede that these cases have already been submitted to the Court. *See infra* at 6. Similarly, the parties have extensively briefed whether FECA's textual requirement that the Commission act by majority vote precludes Defendants' contention that a deadlocked reason-to-believe vote automatically requires the dismissal of an administrative complaint. *See, e.g.*, ECF Nos. 39, 66, 72. Giffords does not believe that additional briefing on the latest dicta from the D.C. Circuit, cited by the Defendant Josh

1

Hawley for Senate below, would substantially aid the Court's resolution of the pending motions, much less justify any further delay.

Giffords also opposes the defendants' various suggestions that the pending motions to dismiss should be held in abeyance. First, Giffords intends to ask the delay court to hold the NRA defendants' recently filed Rule 60(b) motion in abeyance pending resolution of the motions to dismiss here, as another court did when faced with a similar circumstance. *See* Minute Order, *Campaign Legal Center v. FEC*, No. 1:21-cv-00406-TJK (D.D.C. June 12, 2023) (holding non-party Rule 60(b) motion to set aside delay suit judgment in abeyance pending citizen suit court's resolution of already-pending motions to dismiss). Giffords therefore opposes holding the motions to dismiss in this case—which have been fully briefed for nearly two years—in abeyance pending a motion filed three days ago in a case that has been closed since 2021.

Second, Giffords opposes an abeyance pending resolution of the appeal in *Campaign Legal Center v. 45Committee*.[1] Even if the appeal there is decided in defendants' favor, it is unlikely to resolve the pending motions to dismiss, because the facts of this case are materially distinguishable from *45Committee*. *See e.g.*, ECF No. 63 at 2; ECF No. 71; *see also, e.g., Campaign Legal Ctr. v. Iowa Values*, No. 1:21-CV-389 (RCL), --- F.Supp.3d ---, 2023 WL 5651734 (D.D.C. Aug. 31, 2023) (adopting the legal arguments of *45Committee* and *Heritage Action* but denying defendant's motion for summary judgment in based on material factual differences between the cases).

As such, Giffords respectfully requests that the court decline to accept any further briefing and instead rule on the pending motions to dismiss. But if the Court does intend to entertain

---

[1]   Giffords notes that although the *45Committee* appeal has been pending for ten months, was fully briefed as of October of last year, and was calendared for argument in December, no defendant raised the potential for an abeyance with Giffords until approximately twenty-four hours before the deadline set by the Court for the Joint Status Report.

defendants' suggestion that either additional briefing or an abeyance is warranted, Giffords respectfully requests the opportunity to respond to the arguments raised herein in full.

**II.     Position of Defendant Josh Hawley for Senate**

This Court should stay this case in light of the D.C. Circuit's pending resolution of the appeal in *Campaign Legal Center v. 45Committee, Inc.*, No. 23-7040. Courts within this Circuit "[o]ften" hold litigation in abeyance "in light of other pending proceedings that may affect the outcome of the case[.]" *Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008). *45Committee*, which has been scheduled for oral argument on February 20, 2024, will require the D.C. Circuit to determine whether to affirm the district court's dismissal of a citizen suit because "a deadlocked vote itself—absent an administrative closure—. . . constitutes agency 'action.'" *Campaign Legal Center v. 45Committee, Inc.*, No. 22-cv-1115, at *4 (D.D.C. Mar. 31, 2023). There is already precedent for a stay: the D.C. Circuit has already held another appeal presenting similar issues in abeyance pending its decision in *45Committee*. *See* Clerk's Order Holding Case in Abeyance, *Campaign Legal Ctr. v. Heritage Action for America*, No. 23-7107 (Nov. 9, 2023).

Moreover, the D.C. Circuit's recent decision in *End Citizens United PAC v. FEC*, No. 22-5277, 2024 U.S. App. LEXIS 1286 (D.C. Cir. Jan. 19, 2024) is also relevant to the outcome of this case. In that case, a panel of the D.C. Circuit held that the controlling commissioners' invocation of prosecutorial discretion as one factor governing their decision to dismiss an administrative complaint barred judicial review of that dismissal. 2024 U.S. App. LEXIS 1286, at *9–14. As relevant here, the panel also held that when "the three controlling commissioners determined there was no reason to believe impermissible coordination had occurred," then the Commission was "deadlocked" and "dismissal was required under FECA." *Id.* at *19. Hence, if the Court stays this

action in light of *45Committee*, it should also order supplemental briefing to address the substantive impact of *End Citizens United PAC*.

### III. Position of Defendants National Rifle Association of America Political Victory Fund and National Rifle Association of America

The National Rifle Association of America and the National Rifle Association of America Political Victory Fund (collectively, the "NRA"), respectfully submit the following response to the Court's Minute Order dated January 9, 2024, directing the parties to address: (1) any material developments in the case or case law since the last filing; and (2) whether the parties wish to update their briefing to reflect those developments.

As further explained below, while there have been material developments in case law regarding the jurisdictional arguments raised in the NRA's pending Motion to Dismiss, the NRA respectfully submits that this case should be held in abeyance pending the outcome of *Campaign Legal Ctr. v. 45Committee, Inc.*, No. 22-CV-1115 (APM), --- F.Supp.3d ---, 2023 WL 2825704 (D.D.C. Mar. 31, 2023), appeal docketed, No. 23-7040 (D.C. Cir. Apr. 6, 2023), which is pending before the D.C. Circuit and in which that court will hear oral argument just three (3) weeks from now. Because the issue on appeal in *45Committee* is also a dispositive legal question in this case, it would make little sense for the parties to supplement their briefing—or for this Court to decide the pending motions to dismiss—before the D.C. Circuit issues its decision in *45Committee*.

#### 1. Material Developments

Three recent decisions from courts in this District support the conclusion that the deadlocked reason-to-believe votes taken by the FEC on February 23, 2021, as to Giffords's administrative complaints were "acts" under 52 U.S.C. § 30109(a)(8). As a result, both this Court and the Delay Suit Court that issued the orders and judgment giving rise to this case (*i.e.*, *Giffords*

*v. FEC*, D.D.C. Case No. 1:19-cv-01192) lack subject matter jurisdiction over their respective cases.

Specifically, three courts in this District recently considered whether a deadlocked reason-to-believe vote is a significant "action" in the "failure to act" context of FECA section 30109(a)(8). *See generally Campaign Legal Ctr. v. 45Committee, Inc.*, No. 22-CV-1115 (APM), --- F.Supp.3d ---, 2023 WL 2825704 (D.D.C. Mar. 31, 2023), *appeal docketed*, No. 23-7040 (D.C. Cir. Apr. 6, 2023); *Heritage Action for Am. v. Fed. Election Comm'n*, No. 1:22-CV-01248 (CJN), --- F.Supp.3d ---, 2023 WL 4560875 (D.D.C. July 17, 2023), *appeal docketed*, No. 23-7107 (D.C. Cir. Aug. 15, 2023); *Campaign Legal Ctr. v. Iowa Values*, No. 1:21-CV-389 (RCL), --- F.Supp.3d ---, 2023 WL 5651734 (D.D.C. Aug. 31, 2023). All three courts held that a deadlocked reason-to-believe vote is a significant "action" in the context of an alleged "failure to act" under section 30109(a)(8). *See 45Committee*, 2023 WL 2825704, at *4; *Heritage Action*, 2023 WL 4560875, at *10; *Iowa Values*, 2023 WL 5651734, at *8.

As a result, each of these decisions lends further support to the NRA's position in this suit that the FEC's February 23, 2021 deadlocked reason-to-believe votes were, as a matter of law, "acts" under FECA section 30109(a)(8). Accordingly, the Delay Suit—*i.e.*, *Giffords v. FEC*, D.D.C. Case No. 1:19-cv-01192, which was premised on an alleged "failure to act"—was moot <u>*before*</u> that court issued its orders and judgment giving rise to *this* suit, which means the Delay Suit Court lacked subject matter jurisdiction and its orders and judgment giving rise to this suit are void and must be vacated. The NRA recently raised these jurisdictional defects in the Delay Suit by filing a Motion for Relief from Orders and Judgment, which remains pending there. *See generally Giffords v. FEC*, No. 1:19-cv-01192, ECF No. 90.

5

Those same three decisions from this District directly support the jurisdictional arguments raised by the NRA in its Motion to Dismiss in this case, too. *See* ECF No. 35. Here, the NRA maintains that Giffords's claimed basis for subject matter jurisdiction—*i.e.*, the notion that the FEC somehow "failed to act" on Giffords's administrative complaints under 52 U.S.C. § 30109(a)(8) despite the FEC having deadlocked at the reason-to-believe stage of the FECA enforcement process—is inaccurate as a matter of law. Each of the above-referenced recent decisions from courts in this District support that conclusion. *See 45Committee*, 2023 WL 2825704, at *4; *Heritage Action*, 2023 WL 4560875, at *10; *Iowa Values*, 2023 WL 5651734, at *8. Thus, neither of the statutory preconditions for a citizen suit (*i.e.*, for this suit) have been satisfied as required under FECA section 30109(a)(8), and Giffords's complaint in this suit should be dismissed for want of jurisdiction. *See generally* ECF No. 35.

### 2. Updated briefing is necessary, but the Court should first hold this case in abeyance pending the D.C. Circuit's decision in *45Committee*

While some of the above-referenced recent D.C. District decisions were superficially addressed in this case through Notices of Supplemental Authority filed by some of the parties here, the NRA's position is that those Notices of Supplemental Authority do not represent a complete and current picture of the case law pertaining to the NRA's Motion to Dismiss. *Compare* NRA's Motion to Dismiss, ECF No. 35 (filed in January 2022, prior to the decisions in *45Committee, Heritage Action,* and *Iowa Values*) <u>with</u> NRA's Motion for Relief from Orders and Judgment, *Giffords v. FEC*, D.D.C. case no. 1:19-cv-01192, ECF No. 90 at 24-42 (filed January 2024, challenging the Delay Suit Court's subject matter jurisdiction based on each of *45Committee, Heritage Action,* and *Iowa Values*—among other grounds).

Even then, however, this Court should not order supplement briefing at this time, but should instead hold this case in abeyance pending the D.C. Circuit's decision in *45Committee*. To

6

that end, two of the three recent decisions from this District holding that a deadlocked reason-to-believe vote is a significant "action" in the context of an alleged "failure to act" under section 30109(a)(8) are pending on appeal at the D.C. Circuit. *See 45Committee, Inc.*, D.C. Circuit case no. 23-7040, and *Heritage Action for Am.*, D.C. Circuit case no. 23-7107. As discussed above, *45Committee* was the first of those three recent decisions holding that a deadlocked reason-to-believe vote is a significant "action" in the context of an alleged "failure to act" under section 30109(a)(8). The appeal in *45Committee* is fully-briefed, and the D.C. Circuit will hear oral argument on February 20, 2024—just three (3) weeks from now. *See* Clerk's Order dated Dec. 20, 2023, *45Committee*, D.C. Circuit case no. 23-7040 (setting oral argument for 9:30am on February 20, 2024).

This Court should hold this case in abeyance pending the D.C. Circuit's disposition in *45Committee*. If the D.C. Circuit affirms the District Court's decision in *45Committee* holding that it lacked subject matter jurisdiction over that citizen suit as a result of the FEC's deadlock at the reason-to-believe stage—a dynamic that is identical to what happened in this case, *see Giffords v. FEC*, D.D.C. case no. 1:19-cv-01192, ECF No. 90 at 24-36—then that decision would require the same outcome here: a dismissal for lack of subject matter jurisdiction. Meanwhile, if the D.C. Circuit were to reverse the District Court's decision in *45 Committee*, the parties could then submit a status report as to whether, in light of that decision from the D.C. Circuit, additional briefing or some other process is necessary at that time. Either way, to proceed here where the D.C. Circuit is just a few weeks from hearing oral argument in a case where the legal issue is identical to a dispositive question of law in this case would not be an efficient allocation of judicial or party resources.

Indeed, in light of these circumstances—the fact that the D.C. Circuit will very soon hear argument on an appeal that <u>will</u> affect the jurisdictional arguments raised in the parties' motion to dismiss papers here—it is in the interest of judicial economy to hold this case in abeyance pending the D.C. Circuit's disposition of *45Committee*. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (each district court has "broad discretion to stay proceedings as an incident to its power to control its own docket."); *see also Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (staying D.C. District case pending outcome of related case pending before D.C. Circuit where the case on appeal before the D.C Circuit would resolve issues dispositive in the D.C. District case, and oral argument in the D.C. Circuit was less than two (2) months away).

Further, holding this case in abeyance pending the outcome of the *45Committee* appeal will not unduly prejudice the parties, as the abeyance would not be indefinite in duration where, again, oral argument in *45Committee* is just three (3) weeks away. *See Fonville v. D.C.*, 766 F. Supp. 2d 171, 172-73 (D.D.C. 2011) (granting motion to stay where, despite case having been pending for several years, other cases pending in appellate court for which—like here—the parties had submitted notices of supplement authority, were likely to provide guidance on a question of law "likely to be extremely persuasive to, if not binding upon, this Court").

Moreover, there is direct precedent for the abeyance suggested here. Indeed, the D.C. Circuit recently entered an order holding the appeal in *Heritage Action for Am.*, D.C. Circuit case no. 23-7107, in abeyance pending the D.C. Circuit's decision in *45Committee*. *See* Clerk's Order Holding Case in Abeyance dated Nov. 9, 2023, *Heritage Action for Am.*, D.C. Circuit case no. 23-7107. The legal issue here is the same as the issue in both *45Committee* and *Heritage Action for Am.*, so holding this case in abeyance pending the outcome of *45Committee*—which would be binding on this Court—would best serve the interests of judicial economy.

8

If, however, the Court is not inclined to hold this case in abeyance pending the outcome of *45Committee*, then it should further consider holding this case in abeyance pending the outcome of the NRA's Motion for Relief from Orders and Judgment in the Delay Suit. *See generally Giffords v FEC*, No. 1:19-cv-01192, ECF No. 90. The jurisdictional arguments raised by the NRA in this case are closely related to—and in significant respects overlap with—the jurisdictional arguments raised in its Motion for Relief from Orders and Judgment in the Delay Suit. As stated above, the NRA's Motion for Relief from Orders and Judgment reflect these recent developments in case law, among other developments that occurred since the NRA filed its Motion to Dismiss here in January 2022 (such as, for example, subsequent disclosures from the FEC providing further proof that the Commission had indeed "acted" in accord with 52 U.S.C. § 30109(a)(8)).

While the NRA has raised in this case some aspects of the jurisdictional arguments that it raised in the Delay Suit, Giffords has consistently claimed that those arguments must be raised in the Delay Suit—and not here. *See* ECF No. 41 at 40–42 (Giffords arguing that the "facts" established in the Delay Suit—*i.e.*, the basis for the Delay Suit Court's decision as challenged by the NRA's Motion for Relief from Orders and Judgment—are immune from challenge in this suit); *see also* ECF No. 63 at 3–4 (arguing that the NRA is "not entitled to demand this court revisit its previous findings in the delay suit," and also arguing that this court lacks jurisdiction to do so). In other words, Giffords has claimed for two years now that this case is not the proper forum for addressing the jurisdictional arguments raised in the NRA's Motion to Dismiss, claiming instead that they should be raised in and addressed by the Delay Suit Court.

And while the NRA disagrees and submits that either court can address these arguments, the reality is these jurisdictional challenges have now been raised in the Delay Suit Court in updated papers that reflect all the material developments referenced above—and more. *See*

9

*generally Giffords v FEC*, No. 1:19-cv-01192, ECF No. 90. Moreover, in light of the FEC's closure of the administrative files, the FEC's disclosure of the previously undisclosed actions it took as to Giffords's Complaints, the FEC's presence as a party in the Delay Suit (unlike here), and the fact that the Delay Suit Court entered the Orders and Judgment giving rise to this suit, the Delay Suit Court is not just a proper forum to hear those arguments, but it seems to be the most appropriate forum to decide those jurisdictional issues.

In sum, the NRA respectfully submits that this Court should hold this case in abeyance pending the D.C. Circuit's resolution of the appeal in *45Committee*, and should direct the parties to file a joint status report within 14 days of such decision proposing how to proceed in this matter. If, however, the Court is not inclined to hold this case in such an abeyance, then supplemental briefing would be necessary; the NRA's motion to dismiss was filed in January 2022 and therefore does not reflect the current legal landscape as described above. Of course, there seems no escaping the reality that any decision made by the D.C. Circuit in *45Committee* will likely have a material, substantive effect on this case, so supplementing the motion to dismiss briefing here before the D.C. Circuit issues its decision there would seem to be a circuitous path that ultimately leads right back to the D.C. Circuit's forthcoming decision in *45Committee*, albeit after unnecessarily expending judicial and party resources.

**IV.    Position of Defendant Matt Rosendale for Montana**

Defendant Matt Rosendale for Montana agrees with Defendants Josh Hawley for Senate and the NRA that this Court should stay this case and not take any action on the pending motions to dismiss until the D.C. Circuit decides *Campaign Legal Center v. 45Committee, Inc.*, No. 23-7040.

Dated: January 30, 2024

David Pucino†
GIFFORDS LAW CENTER TO
PREVENT GUN VIOLENCE
244 Madison Ave Suite 147
New York, NY 10016
(917) 524-7816
dpucino@giffords.org

† *Admitted* Pro Hac Vice

/s/ *Jason Torchinsky*
Jason Torchinsky, Bar ID: 976033
J. Michael Bayes, Bar ID: 501845
Jessica F. Johnson, Bar ID: 976688
2300 N Street, NW, Ste 643A
Washington, D.C. 20037
(202) 737-8808
Fax: (540) 341-8809
jtorchinsky@holtzmanvogel.com
mbayes@holtzmanvogel.com
jessica@holtzmanvogel.com

*Attorneys for Defendant Josh Hawley for Senate*

Chris K. Gober
D.C. Bar No. 975981
The Gober Group PLLC
14425 Falcon Head Blvd. E-100
Austin, TX 78738
(512) 354-1783
cg@gobergroup.com

Eric Wang
D.C. Bar No. 974038
The Gober Group PLLC
1501 Wilson Blvd., Suite 1050
Arlington, VA 22209
(202) 417-3528
ew@gobergroup.com

Respectfully submitted,

/s/ *Molly E. Danahy*
Adav Noti (DC Bar No. 490714)
Kevin P. Hancock (DC Bar No. 90000011)
Molly E. Danahy (DC Bar No. 1643411)
CAMPAIGN LEGAL CENTER ACTION
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
anoti@campaignlegalcenter.org
khancock@campaignlegalcenter.org
mdanahy@campaignlegalcenter.org

*Counsel for Plaintiff Giffords*

Scott A. Keller
D.C. Bar No. 1632053
Lehotsky Keller Cohn LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com

*Counsel for Defendant
Matt Rosendale for Montana*