**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| GIFFORDS, |
| *Plaintiff*, |
| v. |
| NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND, *et al*., |
| *Defendants*. |

Case No. 1:21-cv-02887 (LLA)

## JOINT STATUS REPORT

Pursuant to the Court's minute order of November 26, 2024, the parties hereby submit this joint status report.

### I.    Position of Plaintiff Giffords

Nearly 10 months ago, at Defendants' request, this case was stayed "pending resolution of *Campaign Legal Center v. 45Committee, Inc.*, D.C. Cir. No. 23-7040." *See* Minute Order dated Feb. 13, 2024; *see also* ECF No. 75. The D.C. Circuit issued its decision in *45Committee* on October 8, 2024, 118 F.4th 378 (D.C. Cir. Oct. 8, 2024), and the mandate issued on November 15, 2024. Now that *45Committee* has been resolved, Plaintiff Giffords respectfully requests this Court lift the existing stay and enter a schedule that will permit the parties to fully address the impact of *45Commitee* on Defendants' motions to dismiss, which have been pending for nearly *three* years. *See* ECF Nos. 30, 31, 35. Lifting the stay immediately would allow this long-delayed case to move forward and for Giffords to pursue remedies for injuries Defendants began inflicting more than a decade ago during the 2014 election cycle. *See* Compl., ECF No. 1.

The Court should reject Defendants' request for yet more indefinite delay. This time, Defendants attempt to stall this case pending the resolution of long-shot Rule 60 motion certain of the NRA Defendants[1] filed in the preceding delay case challenging a *26-month-old* judgment in a case in which they are not parties. *See Giffords v. FEC*, No. 19-cv-1192, ECF No. 90 (Jan. 26, 2024). Defendants already declined the opportunity to ask for a stay of this case pending that Rule 60 motion in the event it was not decided until after the D.C. Circuit resolved *45Committee*. The NRA Defendants filed their Rule 60 motion three days before they and their co-defendants requested a stay of this case pending *45Committee* on January 30, 2024. *See* ECF No. 75. The stay requests of Defendant Josh Hawley for Senate and Defendant Matt Rosendale for Montana do not even mention the Rule 60 motion. ECF No. 75 at 3-4, 10. What's more, the NRA Defendants' request suggested a stay pending their Rule 60 motion would be *unnecessary* if the Court granted a stay pending *45Committee*, which is precisely what this Court did. *See* ECF No. 75 at 9 (arguing that the court should enter a stay pending the Rule 60 motion only if "the Court is not inclined to hold this case in abeyance pending the outcome of *45Committee*"). Having received the stay pending *45Committee* that they wanted, the NRA Defendants now complain that they need an additional stay that no defendant previously thought necessary.

In addition, the Court should deny Defendants' request because the undue prejudice that would result to Giffords far outweighs any alleged need for further delay due to the Rule 60 motion. First, any alleged interest Defendants may have in delay is outweighed by the prejudice an additional stay would cause. Second, the NRA Defendants' pending Rule 60 motion does not justify an additional stay.

---

[1] The National Rifle Association of America and the National Rifle Association of America Political Victory Fund.

**A. Defendants' alleged interest in delay is far outweighed by Giffords' interest in pursuing relief for injuries that occurred more than a decade ago.**

Defendants have no cognizable interest in delaying this case further pending the NRA Defendants' Rule 60 motion in *Giffords v. FEC*, *see infra*, but even if they did, any such interest would be substantially outweighed by Giffords's interest in pursuing long-awaited relief.

In analyzing a stay request, courts "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732-33 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)) (internal quotation marks omitted). The D.C. Circuit recognizes the risk of prejudice to plaintiffs because of undue delay. *See, e.g.*, *Belize*, 668 F.3d at 732 (citing *Landis*, 299 U.S. at 255).

Giffords has already endured considerable delay in obtaining relief. The alleged unlawful activity in this case began more than a decade ago during the 2014 election cycle. *See* Compl. ¶39, ECF No. 1. Complainants, which came to include Giffords, filed the first of the administrative complaints at issue in this litigation with the Federal Election Commission ("FEC") in August 2018. *Id.* ¶ 118. Giffords and other complainants filed three more complaints that year. *Id.* ¶¶ 120-126. The complaints sat with the agency for over two years, with the agency holding its last "reason to believe" vote on February 23, 2021, resulting in a deadlock. Mem. Op. at 9-10, *Giffords v. FEC*, No. 19-cv-1192, ECF No. 88 (Oct. 18, 2021).

Giffords sued and obtained a judgment that the FEC's failure to act on its administrative complaints was contrary to law. *Id.* at 31; Judgment, *Giffords v. FEC*, No. 19-cv-1192, ECF No. 80 (Nov. 17, 2021). This Court not only found that the FEC's delay in considering Giffords' complaints was unreasonable, Mem. Op. at 13, *Giffords v. FEC*, No. 19-cv-1192, ECF No. 88, but that the nature of the threat posed by the alleged conduct was "significant due to the size of the

alleged illegal contributions and the 'threat' that the illegal activity will continue if unchecked." *Id.* at 16. In November 2021, Giffords filed this suit under 52 U.S.C. § 30109(a)(8)(C) seeking relief under the Federal Election Campaign Act ("FECA") for alleged unlawful in-kind campaign contributions by the NRA. Compl., ECF No. 1. Motions to dismiss have been fully briefed as of March 4, 2022. ECF Nos. 39-44. Since then, the parties have submitted numerous supplemental filings and responses. ECF Nos. 48, 50, 51, 58, 61, 62-73. As described above, this case has been stayed since February 13, 2024 pending the resolution of *45Committee*. Minute Order dated Feb. 13, 2024.

In total, Giffords's attempts to obtain relief for what it alleges to be serious violations of FECA involving tens of millions of dollars in unlawful in-kind campaign contributions to candidates for U.S. Senate and President have been pending in various venues for more than six years. Further delay would exacerbate ongoing harms to Giffords, including (1) increasing the risk that evidence will spoil and witness recollections will fade; (2) denying Giffords its right to compete in a fair electoral environment; (3) perpetuating the "threat of recurrence" with regard to the violations alleged in Complaint; and (4) harming Giffords's informational interests in knowing the precise magnitude of the NRA's contributions to federal candidates, including the Hawley Campaign and Rosendale Campaign, in the form of coordinated expenditures. *See also* Pl. Opp. to Mot. Hold Proc. in Abeyance at 12-16, ECF No. 55 (discussing the prejudice to Giffords that would result from an indefinite stay).

**B.  The NRA Defendants' Rule 60 motion in *Giffords v. FEC* does not justify further delay in this case.**

Given the tardiness of its filing, and the likelihood that the NRA Defendants' pending Rule 60 motion will fail, that motion cannot justify yet another stay.

**1.      The NRA Defendants significantly delayed filing their Rule 60 motion.**

First, the Court should not stay this case because of a motion the NRA Defendants long delayed filing in the first place. *Cf. Beame v. Friends of the Earth*, 434 U.S. 1310, 1313 (1977) ("The applicants' delay in filing their petition and seeking a stay [pending determination of their petition for certiorari] vitiates much of the force of their allegations of irreparable harm.").

The NRA Defendants filed their Rule 60 motion in *Giffords v. FEC* more than 26 months after judgment was entered. Giffords filed suit in *Giffords v. FEC* in April 2019, more than five-and-a-half-years ago. No. 19-cv-1192, ECF No. 1. On November 12, 2021, the NRA Defendants moved to intervene, not as parties, but for the limited purpose of moving to unseal the judicial record. *Id.*, ECF No. 77. Six days later, on November 18, the court entered judgment in favor of Giffords. *Id.*, ECF No. 81. Three weeks later, the NRA Defendants filed additional documents relating to their pending motion to intervene. *Id.*, ECF Nos. 82 (Dec. 7, 2021), 83 (Dec. 8, 2021). The court then granted that motion and unsealed the record in December 2021. *Id.*, Minute Order dated Dec. 13, 2021. Neither Defendant Josh Hawley for Senate nor Defendant Matt Rosendale for Montana sought to intervene.

Rather than swiftly moving to challenge the judgment based on the unsealed records, the NRA Defendants waited more than two years to file their Rule 60 motion. *Id.*, ECF No. 90. Nothing about the substance of that motion required the NRA Defendants to wait that long: the January 2024 Rule 60 motion asserts the same flawed legal theories regarding the alleged nature of FEC action that the NRA Defendants asserted *two years earlier* in their January 2022 motion to dismiss

in this case. *Compare* NRA Mot. to Dismiss at 18-22 (Jan. 28, 2022), ECF No. 35-1 (arguing "[Giffords] cannot show that the FEC failed to act under Section 30109(a)(8) because the FEC clearly acted on the FEC Complaints" by holding deadlocked reason-to-believe votes in February 2021), *with* Statement of Points and Authorities by the NRA in Supp. of Its Mot. For Relief from Orders and J. at 1, *Giffords v. FEC*, No. 19-cv-1192, ECF No. 90-1 (D.D.C. Jan. 26, 2024) (alleging that "the FEC acted on the administrative complaints . . . when, on February 23, 2021, the FEC deadlocked on a serious of votes whether to find reason to believe").

Had the NRA Defendants filed their Rule 60 motion immediately after judgment in November 2021, or even two months later concurrently with their January 2022 motion to dismiss in this case, the Rule 60 motion might have been decided long before it was stayed in February 2024 pending *45Committee*. *See* Minute Order dated Feb. 27, 2024, *Giffords v. FEC*, No. 19-cv-1192. Defendants offer no explanation for their delay. Even assuming for the sake of argument that the NRA Defendants' motion was timely filed under Rule 60, *but see* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"), the court should not allow the NRA Defendants to use their needless delay in filing that motion to justify further delay in this case.

2.    **The NRA Defendants' Rule 60 motion is unlikely to succeed.**

In addition to being prejudicially tardy, the Rule 60 motion is unlikely to succeed for at least two reasons.

***First***, the NRA Defendants are not parties to *Giffords v. FEC*, and "Rule 60(b) by its own terms is available only to 'a party or [its] legal representative.'" *Ratner v. Bakery & Confectionery Workers Int'l Union*, 394 F.2d 780, 782 (D.C. Cir. 1968) (quoting Fed. R. Civ. P. 60(b)); *see also Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 19 F.4th 472, 477 (D.C. Cir. 2021) (affirming

district court ruling that non-party was not entitled to Rule 60 relief "[b]ecause the Federal Rules of Civil Procedure are to be accorded 'their plain meaning'") (quoting *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989)). This is true, even where a non-party's Rule 60(b) motion claims that the district court lacks subject-matter jurisdiction. *See Agudas*, 19 F.4th at 477; *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, No. 1:05-cv-1548-RCL, 2020 WL 13611456, at *7 (D.D.C. Nov. 6, 2020).

The NRA Defendants are neither parties to *Giffords v. FEC* nor the legal representative of any party to the case, and thus are not entitled to relief under Rule 60(b). *See Agudas*, 19 F.4th at 477. The NRA Defendants declined to even attempt to intervene in *Giffords v. FEC* as a party, despite having intervened for the more limited purpose of unsealing the judicial record. *See id.* (affirming that the subject of a third-party subpoena was not entitled to seek vacatur of an underlying default judgment because it was not party and had not participated in the "litigation resulting in the judgments it sought to vacate.").

**Second**, the D.C. Circuit's ruling in *45Committee* is fatal to the Rule 60 motion's arguments, which lacked merit in the first place. The Rule 60 motion relies on a flawed claim that *Giffords v. FEC* became moot when the FEC held deadlocked reason-to-believe votes in February 2021 because those failed votes allegedly constituted either final or "significant" agency action resolving the case. ECF No. 90-1 at 1-2; *see also id.* at 37 ("deadlocked reason-to-believe votes are not just final agency actions, but are the equivalent of dismissals, too").[2]

This claim cannot survive *45Committee*. First, *45Committee* held that deadlocked FEC votes to find reason to believe are *not* final agency action or dismissals. 118 F.4th at 382. Instead, a deadlocked FEC vote to find reason to believe "will give rise to a dismissal only if a majority of Commissioners separately votes to dismiss the complaint." *Id.* Second, *45Committee* also makes

clear that a deadlocked reason-to-believe vote that occurs before a remand ordering the FEC to conform cannot be FEC action that is "significant" enough to moot a challenge to FEC delay, as the NRA Defendants argue. In *45Committee*, the FEC deadlocked on whether to find reason-to-believe twice: first in June 2020 and again in December 2021, *after* the district court ordered the FEC to act within 30 days by taking a reason-to-believe vote and remanded to the agency. *See 45Committee, Inc.*, 118 F.4th at 383, 385. Like the NRA Defendants' Rule 60 motion, 45Committee argued that the *first* deadlock was fatal to the plaintiff's case because allegedly "[t]he FEC took action . . . by dismissing the complaint in June 2020." *See* Def.'s Mot. to Dismiss at 20 & n.4, *Campaign Legal Ctr. v. 45Committee, Inc.*, No. 22-cv-1115 (D.D.C. Aug. 5, 2022), ECF No. 25-1. But the D.C. Circuit necessarily rejected that argument by concluding that the *second*, December 2020 deadlocked vote terminated the case because, with that vote, the FEC conformed to the district court's remand order. *45Committee*, 118 F.4th at 391-92. Thus, the FEC's first deadlocked vote—which took place five months earlier in June 2020—could not have mooted the matter, and the same must be true of the February 2021 deadlocks in this case that the Rule 60 motion relies upon.

45Committee is otherwise distinguishable from *Giffords v. FEC.* In *Giffords v. FEC*, the district court's remand order required the FEC not just to take a vote but to *"take[] final agency action"* by "making the reason-to-believe determination set forth in 52 U.S.C. 30109(a)(2)." Mem. Op. at 31, No. 19-cv-1192, ECF No. 88. In response, the FEC failed to even take a deadlocked reason-to-believe vote, let alone one that had the majority support necessary to make a determination or take final agency action. No. 19-cv-1192, ECF No. 89 at 5-6. *45Committee* thus demonstrates that *Giffords v. FEC* was correct to authorize Giffords's citizen suit here.

For those reasons, and others, the NRA Defendants' Rule 60 motion in the delay suit is unlikely to succeed and does not justify another stay. The mere existence of the motion does not suspend the existing judgment in that case or alter its effect. Fed. R. Civ. P. 60(c)(2). In lieu of yet another stay in this long-delayed case, Plaintiff Giffords respectfully requests this Court lift the existing stay and enter a schedule that will permit the parties to fully address the impact of *45Commitee* on Defendants' motions to dismiss.

##### II.    Position of Defendant Josh Hawley for Senate

Defendant Josh Hawley for Senate agrees with Defendant NRA that this Court should continue the stay in this case until the court in *Giffords v. FEC* rules on NRA's Motion for Relief from Orders and Judgment, *see* ECF 90-1, No. 1:19-cv-01192 (D.D.C.).

##### III.    Position of Defendants National Rifle Association of America Political Victory Fund and National Rifle Association of America

The National Rifle Association of America and the National Rifle Association of America Political Victory Fund (collectively, the "NRA") respectfully submit that this Court should continue the stay in this case pending a decision from the Delay Suit court on the NRA's Motion for Relief from Orders and Judgment. *See Giffords v. FEC*, D.D.C. Case No. 1:19-cv-01192, ECF No. 90-1. As the NRA explained in its portion of the Joint Status Report filed in this case on January 30, 2024, the NRA has moved for relief in the Delay Suit under Rule 60(b)(4) of the Federal Rules of Civil Procedure because that court's Orders and Judgment—which serve as the predicate for Plaintiff Giffords's suit here against the NRA—are based on the false premise that the Federal Election Commission "failed to act" on Giffords's administrative complaints, which we now know is untrue. *See generally Giffords v. FEC*, No. 1:19-cv-01192, ECF No. 90 & 90-1. And while that was unknown to the Delay Suit court when it entered the Orders and Judgment, it is now clear that the FEC *did* act on those administrative complaints nearly eight months before

9

that court authorized this citizen suit when, on February 23, 2021, the FEC deadlocked on a series of votes as to whether to find reason to believe Giffords's allegations claiming that the NRA had violated the Federal Election Campaign Act ("FECA"). *Id.*, ECF No. 90-1 at 31-43.[2]

As the NRA further explained in its portion of the Joint Status Report filed in this case on January 30, 2024, the NRA's basis for relief in its pending Motion for Relief from Orders and Judgment in the Delay Suit is consistent with decisions from the three courts in this District that have concluded that a deadlocked reason-to-believe vote is a statutorily significant "action" in the "failure to act" context of FECA section 30109(a)(8). *See generally Campaign Legal Ctr. v. 45Committee, Inc.*, No. 22-CV-1115 (APM), 666 F.Supp.3d 1 (D.D.C. Mar. 31, 2023); *Heritage Action for Am. v. Fed. Election Comm'n*, No. 1:22-CV-01248 (CJN), 682 F.Supp.3d 62 (D.D.C. July 17, 2023), *appeal docketed*, No. 23-7107 (D.C. Cir. Aug. 15, 2023); *Campaign Legal Ctr. v. Iowa Values*, No. 1:21-CV-389 (RCL), 691 F.Supp.3d 94 (D.D.C. Aug. 31, 2023). The reasoning in those cases supports the premise that the Delay Suit court lacked subject matter jurisdiction when it entered the Orders and Judgment because, *inter alia*, that case was moot as a result of the FEC having taken those failed reason-to-believe votes back on February 23, 2021—long before entry of the Orders and Judgment.

That matters a great deal here because the NRA remains subject to the instant citizen suit despite the fact the Orders and Judgment entered in the Delay Suit to authorize *this suit* appear to be void for want of subject matter jurisdiction on mootness grounds. *See Giffords v. FEC*, No. 1:19-cv-01192, ECF No. 90-1 at 31-43. And if the Delay Suit court's Orders and Judgment— which serve as the predicate to this suit—are indeed void for lack of subject matter jurisdiction,

---

[2] When citing electronic filings throughout its portion of this Joint Status Report, the NRA cites to the ECF page number, rather than the page number of the filed document.

then relief granted as a result of the NRA's Motion for Relief from Judgment and Orders in the Delay Suit would obviate the need for any additional motion practice here, for the simple reason that Giffords cannot prosecute this case if the Delay Suit court's decision authorizing this suit in the first place is vacated on mootness grounds. And the D.C. Circuit's decision affirming the district court in *Campaign Legal Ctr. v. 45Committee, Inc.*, has made that outcome all the more likely. *See generally* 118 F.4th 378 (D.C. Cir. 2024).

To that end, the heart of the D.C. Circuit's decision in *45Committee* is the proposition that even a failed reason-to-believe vote—like the vote the FEC held in the administrative matters giving rise to the Delay Suit and this case—was indeed an "act" under 52 U.S.C. § 30109(a)(8)(A), (C), which in turn serves as a legal bar to finding that the FEC failed to act in a case like this. *See 45Commitee*, 118 F.4th at 390-92. The D.C. Circuit's decision significantly bolsters the basis for vacating the Orders and Judgments in the Delay Suit, *i.e.*, the premise that the February 23, 2021 deadlocked reason-to-believe votes taken by the FEC in the underlying administrative matters were, as a matter of law, "acts" under FECA section 30109(a)(8). *See Giffords v. FEC*, No. 1:19-cv-01192, ECF No. 90-1 at 31-43. Indeed, in the Delay Suit, Giffords sought "injunctive and declaratory relief to compel [the FEC] to act" on Giffords's administrative complaints. *Giffords v. FEC*, ECF No. 1 at ¶(1). *See also id.* at 2 (alleging that "the Commission has taken no action on Plaintiff's complaints" and "Plaintiff files this action to compel the FEC to comply with its statutory duty to act."). Under *45Committee*, however, the D.C. Circuit has now affirmed that a deadlocked reason-to-believe vote is indeed an "act" in the context of the preconditions for a FECA citizen suit, and that a plaintiff in a "failure to act" suit such as Giffords in the corresponding Delay Suit is not entitled to any relief beyond "the Commission's engagement with the merits of [their] administrative complaint through such a vote." *45Committee*, 118 F.4th at 391-92; *see also id.*

("Moreover, a failure by the Commission to act at all on a pending complaint means a failure to take some cognizable enforcement step under the statute in response to the complaint. And holding a reason-to-believe vote" – no matter the outcome of that vote – "is such a step.")

Based on the D.C. Circuit's decision in *45Committee*, there is no question then that the FEC had indeed acted on Giffords's administrative complaints when it held those failed reason-to-believe votes on February 23, 2021—many months before the Delay Suit court issued its Orders and Judgment—which means the Delay Suit court's judgment and corresponding orders amounted to "nothing more than an order directing the FEC to do what it has already done." *All. For Democracy v. FEC*, 335 F. Supp. 2d 39, 43 (D.D.C. 2004). And that is consistent with the Delay Suit court's findings in its Memorandum Opinion that the FEC's conduct leading up to its February 23, 2021 failed reason-to-believe vote appeared to be "substantially justified." *Giffords v. FEC*, No. 1:19-cv-01192, ECF No. 88, at 30; *see also id*. at 30-31 (relying on the Commission's February 2021 failed reason-to-believe votes as evidence demonstrating the Commission had "carefully considered and underst[ood] the facts, legal issues, and interests at stake" in the underlying matters.) Under *45Committee* then, the Delay Suit court could no longer grant effectual relief after the FEC acted through those failed reason-to-believe votes, which means the Delay Suit case was therefore moot *before* that court entered its Orders and Judgment, and that court therefore lacked subject matter jurisdiction to issue the Orders and Judgment. *See Giffords v. FEC*, No. 1:19-cv-01192, ECF No. 90-1 at 32-43. The Delay Suit court's Orders and Judgment—which, again, are the predicates to this suit—are therefore void and must be vacated under Rule 60(b)(4). *Id*.

As a result, this Court should continue the stay in this case pending a decision from Delay Suit court on the NRA's Motion for Relief from Orders and Judgment. *See generally Giffords v. FEC*, D.D.C. Case No. 1:19-cv-01192, ECF No. 90-1. While that Motion has been pending since

January 2024, those papers reflect all the material developments that have transpired in the nearly 3 years since the respective Defendants in this suit filed their motions to dismiss here. *See* ECF No. 30 (Matt Rosendale for Montana's Mot. to Dismiss, filed on January 21, 2022); ECF No. 31 (Josh Hawley for Senate's Mot. to Dismiss, filed on January 21, 2022); & ECF No. 35 (NRA's Mot. to Dismiss, filed on January 28, 2022). Speaking for the NRA, none of those motion to dismiss papers here provide sufficient or meaningful analysis of the material factual developments that have happened since those submissions, such as the FEC's closure of the corresponding administrative files or the FEC's disclosure of the previously undisclosed actions it took as to Giffords's administrative complaints. Nor do those papers analyze the various court decisions issued since January 2022—referenced above by the NRA—all of which support the proposition that Giffords has failed to state a claim here as a result of the FEC having "acted" on Giffords's administrative complaints when it held those failed reason-to-believe votes on February 23, 2021.

Meanwhile, the NRA's Motion for Relief from Orders and Judgment in the Delay Suit addresses all of those more recent topics. Moreover, the NRA will supplement its Motion for Relief from Orders and Judgment in the Delay Suit on or before this Friday, December 6, 2024, to account for the D.C. Circuit's recent decision in *45Committee* such that the NRA's motion there may proceed immediately and without the need to be refiled. To that end, the FEC has already responded to the NRA's Motion for Relief from Orders and Judgment in the Delay Suit, in which it took no position on the merits of the NRA's motion. *See Giffords v. FEC*, D.D.C. Case No. 1:19-cv-01192, ECF No. 94. And while Giffords is yet to respond to the NRA's Motion for Relief from Orders and Judgment—the deadline for its response was stayed by the Delay Suit court pending the D.C. Circuit's decision in *45Committee*—the parties and the NRA submitted a Joint Status Report in the Delay Suit concurrent with this Joint Status Report in which they agree that the

existing stay should be lifted in the Delay Suit in light of the decision and mandate in *45Committee*, D.C. Cir. No. 23-7040 and that briefing should continue on the NRA's Motion for Relief from Orders and Judgment, with Giffords's response to that motion being due on January 10, 2025. The NRA submits that this sequence of events will permit the Delay Suit court to proceed with considering the jurisdictional challenges raised there as to the predicate to Giffords's ongoing citizen suit here, which, if sustained, would obviate the need for renewed motions to dismiss in this suit.

Indeed, while the D.C. Circuit held that the FECA citizen suit preconditions are not jurisdictional—*i.e.*, while those precondition are not jurisdictional, they are still required preconditions such that the D.C. Circuit affirmed the dismissal of *45Committee* for failure to state a claim under Rule 12(b)(6) rather than for lack of jurisdiction under Rule 12(b)(1), *see 45Committee*, 118 F.4th at 386-388; 392—the arguments raised in the NRA's Motion for Relief from Orders and Judgment, *i.e.* mootness and lack of sufficient adverse interest between parties, are direct challenges to the Delay Suit court's subject matter jurisdiction. *See, e.g.*, *United States v. Mejia*, 502 F. Supp. 3d 387, 392 (D.D.C. 2020) ("[L]ike other subject-matter jurisdictional defects, this Court is obliged to raise [mootness] *sua sponte*."). Further, given the fact that the Delay Suit court entered the Orders and Judgment giving rise to this suit, the Delay Suit court is not just a proper forum to hear those arguments *first*, but it "has an independent obligation to confirm that it has subject-matter jurisdiction" and "it is irrelevant whether a party or a non-party first alerts the court to potential jurisdictional defects." *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 196 n.4 (D.D.C. 2017), *aff'd per curiam*, 727 Fed. Appx. 704 (D.C. Cir. 2018), *cert. denied*, 139 S. Ct. 596 (2018) ("[B]ecause the Court has an independent obligation to ensure jurisdiction, the exact method of informing the court of a lack of subject-matter jurisdiction—

whether through motion under Rule 60(b)(4) or a notification under Rule 12(h)(3)—is not pertinent.") Finally, the FEC's presence as a party in the Delay Suit (unlike here) makes that suit an even more appropriate forum to proceed with reviewing those jurisdictional challenges before any additional—and potentially unnecessary—motion practice occurs here.

If, on the other hand, the stay is lifted in this action before the NRA's Motion for Relief from Orders and Judgment is decided in *Giffords v. FEC*, then the NRA anticipates filing a renewed motion to dismiss in this case. While some aspects of the NRA's motion to dismiss filed here in January 2022 likely need no update, such as its arguments that Giffords lacks standing to sue and that Giffords's claims are barred by the statute of limitations, the NRA's argument that Giffords's claim fails on the grounds that the FEC acted on the administrative complaints when it held failed reason-to-believe votes in February 2021 would need to be restyled as a non-jurisdictional argument under Rule 12(b)(6) rather than as currently raised under Rule 12(b)(1). *See 45Committee*, 118 F.4th at 386-388; 392 (affirming district court's dismissal, but through the lens of failure to state a claim under Rule 12(b)(6) rather than for lack of jurisdiction under Rule 12(b)(1)); *see also* ECF No. 35-1 at 23-28; ECF No. 43 at 6-18.

The NRA's motion to dismiss would also need to be updated to reflect the great weight of the authority in this District and the D.C. Circuit's recent decision in *45Committee* confirming that even a failed reason-to-believe vote that is unaccompanied by a vote to close the file—just like the vote the FEC held on the underlying matters here on February 23, 2021—is indeed an "act" under 52 U.S.C. § 30109(a)(8)(A), (C), which in turn serves as a legal bar to claims premised on the FEC's alleged failure-to-act like those alleged by Giffords here. Those necessary updates would be in addition to the above-referenced updates necessary to ensure the Court is apprised of those factual developments that have either occurred since the filing of those motions to dismiss back in

January 2022 (such as the FEC's closure of the underlying matters, *see Giffords v. FEC*, D.D.C. Case No. 1:19-cv-01192, ECF No. 90-1 at 26-27) or had previously occurred but were largely undisclosed when those motions were filed (such as the evidence showing that the FEC was indeed very engaged in—and acted upon—Giffords's administrative complaints, *see id*. at 27-30).

Presumably, even Giffords would agree that the motion to dismiss papers in this case are obsolete given that the D.C. Circuit roundly rejected Giffords's chief opposition to the NRA's argument that the FEC had indeed acted under FECA when it took those failed reason-to-believe votes in February 2021. <u>Compare</u> Giffords's Opp'n to Motions to Dismiss, ECF No. 39 at 42-43 (Giffords claiming that the Delay Suit court "correctly found that the FEC's failure to act was contrary to law in *Giffords v. FEC* even though the Commission held [reason-to-believe] votes on the administrative matters in February 2021") <u>with</u> *45Committee*, 118 F.4th at 391-92 (holding that when the Commission takes a "reason-to-believe vote" it has taken "some cognizable enforcement step under the statute in response to the complaint," and "[w]hether the vote succeeds or fails does not matter" under FECA's "failure to act" analysis).

For these reasons and in the interests of judicial economy, the NRA respectfully requests that this Court continue the stay in this case pending a decision from the Delay Suit court on the NRA's Motion for Relief from Orders and Judgment. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (each district court has "broad discretion to stay proceedings as an incident to its power to control its own docket."); *see also Infrastructure Servs. Luxembourg S.A.R.L. v. Kingdom of Spain*, No. CV 18-1753 (EGS), 2019 WL 11320368, at *3 (D.D.C. Aug. 28, 2019) (granting a stay where, like here, the predicate proceedings serving as the basis for petitioners' action was subject to an ongoing challenge that may render those predicate proceedings void, which in turn would moot the petitioners' action). And for the sake of ensuring that the instant stay is reasonable in duration,

the NRA further proposes that the parties submit Joint Status Reports in this case in 90 days. *See id*. ("The Court of Appeals for the District of Columbia has warned against issuing immoderate and indefinite stays and therefore the Court will further order that the circumstances justifying this stay should be reviewed with regularity to avoid an unduly lengthy or indefinite stay.")

## IV.     Position of Defendant Matt Rosendale for Montana

Defendant Matt Rosendale for Montana agrees with Defendant NRA that this Court should continue the stay in this case until the court in *Giffords v. FEC* rules on NRA's Motion for Relief from Orders and Judgment, *see* ECF 90-1, No. 1:19-cv-01192 (D.D.C.).

 Dated: December 2, 2024                          Respectfully submitted,


/s/ Charles R. Spies
Charles R. Spies (Bar ID:  989020)
Robert L. Avers (MI0083)
DICKINSON WRIGHT PLLC
1825 Eye Street NW, Suite 900
Washington, DC  20006
(202) 466-5964
cspies@dickinsonwright.com
ravers@dickinsonwright.com
*Attorneys for the National Rifle Association
of America & the National Rifle Association
of America Political Victory Fund*

/s/ Scott A. Keller
Scott A. Keller
D.C. Bar No. 1632053
Lehotsky Keller Cohn LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
(512) 693-8350
scott@lkcfirm.com

Chris K. Gober
D.C. Bar No. 975981
The Gober Group PLLC
14425 Falcon Head Blvd. E-100
Austin, TX 78738

/s/ Kevin P. Hancock
Adav Noti (DC Bar No. 490714)
Kevin P. Hancock (DC Bar No. 90000011)
CAMPAIGN LEGAL CENTER ACTION
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
anoti@campaignlegalcenter.org
khancock@campaignlegalcenter.org

David Pucino†
GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
244 Madison Ave Suite 147
New York, NY 10016
(917) 524-7816
dpucino@giffords.org
† *Admitted* Pro Hac Vice
*Counsel for Plaintiff Giffords*

(512) 354-1783
cg@gobergroup.com

Eric Wang
D.C. Bar No. 974038
The Gober Group PLLC
1501 Wilson Blvd., Suite 1050
Arlington, VA 22209
(202) 417-3528
ew@gobergroup.com

*Counsel for Defendant*
*Matt Rosendale for Montana*

*/s/ Jason B. Torchinsky*
Jason B. Torchinsky (D.C. Bar No. 976033)
Jonathan P. Lienhard (D.C. Bar No. 474253)
Holtzman Vogel Baran
Torchinsky Josefiak PLLC
2300 N Street NW, Suite 643
Washington, DC 20037
(202) 737-8808
jtorchinsky@holtzmanvogel.com

*Counsel for Defendant*
*Josh Hawley for Senate*

18