UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GIFFORDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-02887 |
| | ) | |
| v. | ) | Hon. Loren L. AliKhan |
| | ) | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND, NATIONAL RIFLE ASSOCIATION OF AMERICA INSTITUTE FOR LEGISLATIVE ACTION, MATT ROSENDALE FOR MONTANA, and JOSH HAWLEY FOR SENATE, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**JOSH HAWLEY FOR SENATE'S BRIEF IN RESPONSE TO
THE COURT'S FEBRUARY 13, 2026 ORDER**

## TABLE OF CONTENTS

| | |
|---|---|
| Table of Authorities | 3 |
| Introduction | 4 |
| Argument | 4 |
|     I. Informational Standing | 5 |
|     II. Competitor Standing | 6 |
|     III. The Court Should Stay the Present Case Pending a Decision in End Citizens United PAC v. FEC | *8* |
| Conclusion | 10 |

## TABLE OF AUTHORITIES

**CASES**

*Am. Life Ins. Co. v. Stewart*, 300 U.S. 203 (1937)............................................................................ 8
*Belize Social Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724 (D.C. Cir. 2012).................................... 8
*Campaign Legal Center v. FEC*, 31 F.4th 781 (D.C. Cir. 2022) ..............................................5, 6
*Dietz v. Bouldin*, 579 U.S. 40 (2016)................................................................................................ 8
*End Citizens United PAC v FEC*, No. 22-5277 (D.C. Cir.).......................................................passim
*Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379 (1935)......................................................................... 8
*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .................................................................................... 8
*Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, 274 B.R. 1 (D.D.C. 2002) ................... 9
*SEC v. Dresser Indus., Inc.*, 628 F.2d 1368 (D.C. Cir. 1980)........................................................ 9
*Shays v FEC*, 414 F.3d 76 (D.C. Cir. 2005) ................................................................................... 7
*Wertheimer v. FEC*, 268 F.3d 1070 (D.C. Cir. 2001) ................................................................... 6

**INTRODUCTION**

Defendant Josh Hawley for Senate submits this brief in response to this Court's Order of February 13, 2026. ECF No. 95. The United States Circuit Court for the District of Columbia is currently considering issues en banc concerning Article III standing in *End Citizens United PAC v. Federal Election Commission*, No. 22-5277 (D.C. Cir.) (en banc). That forthcoming decision may provide additional guidance regarding the proper application of Article III principles in cases involving alleged informational or competitive injury. In light of that pending en banc review, Josh Hawley for Senate respectfully requests this Court stay proceedings pending the disposition of that appeal. A temporary stay would promote judicial economy and the equities of all parties involved in the present case favor a stay pending resolution of *End Citizens United PAC v. FEC*.

**ARGUMENT**

Here, judicial economy and the balance of equities favor a stay pending resolution of *End Citizens United PAC* because that opinion may provide further guidance regarding threshold jurisdictional questions relevant to this action. Moreover, Defendants here would be unfairly prejudiced if they are forced to continue litigation with potentially superseding jurisdictional principles hanging over the present case, just as the same could result in a needless waste of judicial resources. Indeed, rather than prejudicing Plaintiff Giffords, a stay from this Court would benefit it by ensuring that the parties and the Court proceed under forthcoming guidance that will likely be relevant to this action. Plaintiff Giffords also would not be prejudiced because a stay would not be indefinite and an opinion from the D.C. Circuit in *End Citizens United PAC v. FEC* is nigh.

Although there are factual, procedural, and postural differences between the present case and *End Citizens United PAC v. FEC*, Plaintiff Giffords lacks Article III standing in the present case for the same reasons that Plaintiff-Appellant End Citizens United PAC ("ECU") lacks

standing in *End Citizens United PAC v. FEC*. Plaintiff Giffords relies on incorrect notions of informational and competitor standing, just as ECU does. *See* ECF No. 95. Indeed the similarity of these standing arguments were noted by this Court in its February 13, 2026 Order. ECF No. 95. Moreover, the issue of standing is currently at issue before the D.C. Circuit sitting en banc in *End Citizens United PAC v. FEC*, where both informational and competitor standing were briefed by the parties and discussed by the court at oral argument. *See* ECF No. 95.

. A temporary stay in the present case would therefore allow this Court to evaluate Plaintiff Gifford's jurisdictional assertions under the benefit of that forthcoming appellate guidance, without predetermining how the en banc court will resolve the issues presented.

I. INFORMATIONAL STANDING

A decision of the D.C. Circuit *End Citizens United PAC v. FEC* may elucidate Plaintiff Giffords lack of informational injury and Article III standing in the present case.

In *End Citizens United PAC v. FEC,* ECU argues that it enjoys informational standing because it disagrees with how in-kind contributions were disclosed and alleges that in-kind contributions should have been disaggregated from other expenditures in campaign finance reporting. *See* ECU's En Banc Reply at 4-6, *End Citizens United PAC*, No. 22-5277 (D.C. Cir. Jan. 23, 2025). ECU rests its informational standing on *Campaign Legal Center v. FEC*, 31 F.4th 781 (D.C. Cir. 2022). ECU En Banc Reply at 4-6, *End Citizens United PAC*, No. 22-5277 (D.C. Cir. Jan. 23, 2025). *Intervening-Defendant-Appellee* New Republican PAC ("NR") argues that ECU lacks informational standing because it does not seek new information that has not already been disclosed through other campaign finance disclosures, but rather seeks legal determinations based on already disclosed information. NR En Banc Brief at 18-20, *End Citizens United PAC*, No. 22-5277 (D.C. Cir. Dec. 26, 2024). Under longstanding D.C. Circuit precedent, seeking legal

conclusions based on previously disclosed information does not support informational standing for purposes of Article III standing. *Wertheimer v. FEC*, 268 F.3d 1070 (D.C. Cir. 2001).

This tension between *Wertheimer* and *Campaign Legal Center v. FEC* is likewise implicated in the informational standing arguments presented in the parties' briefing on the motions to dismiss in the present case. Plaintiff Giffords claims to enjoy informational injury because the Defendants did not disaggregate the allegedly coordinated contributions from other expenditures, *see* Giffords' Combined Response to Defs' Motions to Dismiss, ECF No. 88 at 33-38 (relying on *Campaign Legal Center v. FEC*), while Defendants here argue that under *Wertheimer*, Plaintiff Giffords lacks cognizable informational injury sufficient to support Article III standing. *See, e.g.,* Hawley Motion to Dismiss, ECF No. 83 at 9-10 (citing *Wertheimer* and other D.C. Circuit precedent); Hawley Reply, ECF No. 91 at 4-5 (distinguishing the present case from *Campaign Legal Center v. FEC*, 31 F.4th 781); Rosendale Motion to Dismiss, ECF No. 84 at 19-21 (citing *Wertheimer*); Rosendale Reply, ECF No. 92 at 9-13 (same); NRA Motion to Dismiss, ECF No. 85 at 30, 34-35 (same); NRA Reply, ECF No. 93 at 12-15 (Differentiating *Wertheimer* and *Campaign Legal Center,* 31 F.4th 781 and explaining that *Wertheimer* controls in the present case).

Accordingly, a decision of the D.C. Circuit concerning the applicability of *Wertheimer* and/or inapplicability of *Campaign Legal Center,* 31 F.4th 781 in *End Citizens United PAC,* No. 22-5277 could bear on this Court's consideration of Plaintiff Giffords alleged informational injury.

## II.     COMPETITOR STANDING

As this court noted in its February 13, 2026 Order, the parties' arguments concerning competitor standing in *End Citizens United PAC v. FEC* also resemble those of the parties' in the

present case, *see* ECF No. 95, and so a decision of the D.C. Circuit in that case could clarify Plaintiff Giffords' lack of Article III standing here.

In *End Citizens United PAC v. FEC,* ECU argues that, in addition to informational standing, it also has Article III standing because it is a political competitor to NR. ECU En Banc Brief at 19-20, *End Citizens United PAC*, No. 22-5277 (D.C. Cir. Nov. 18, 2024). ECU argues that pursuant to *Shays* all "FEC-regulated competitors of the entities that benefit from . . . non-enforcement suffer an injury in fact" sufficient to support Article III standing. *Id*. (citing *Shays*, 414 F.3d 76, 84-91 (D.C. Cir. 2005)). NR counters ECU's flawed and unsupported interpretation of *Shays* by correctly limiting competitor standing to candidates rather than all PACs. *See* NR En Banc Brief at 21-23, *End Citizens United PAC*, No. 22-5277 (D.C. Cir. Dec. 26, 2024).

The competitor standing issues in *End Citizens United PAC v. FEC* raise questions regarding the proper contours of competitor standing that are likewise raised in this case, where Plaintiff Giffords seeks to apply competitor standing theories to organizational plaintiffs. *See* Giffords' Combined Response to Defs' Motions to Dismiss, ECF No. 88 at 38-45. In so doing, Plaintiff Giffords seeks to stretch competitor standing beyond what has traditionally been confined to candidates. *Id*. As in *End Citizens United PAC v. FEC*, Defendants in the present case dispute the unprecedented extension of competitor standing beyond candidates. *See* Hawley Motion to Dismiss, ECF No. 83 at 5-9 (noting the unprecedented arguments of Giffords regarding competitor standing); Rosendale Motion to Dismiss, ECF No. 84 at 14-19 (same); Rosendale Reply, ECF No. 92 at 3-9 (same); NRA Reply, ECF No. 93 at 15-19 (same). To allow such an expansion would be to permit diffuse and abstract social interests to impermissibly support Article III standing. Hawley Reply, ECF No. 91 at 1-2. See also NRA Motion to Dismiss, ECF No. 85 at 39-42 (differentiating organizational plaintiffs and candidate plaintiffs in terms of competitor standing).

And so, like the questions of informational standing, the questions of competitor standing in *End Citizens United PAC v. FEC* could be answered in a way that demonstrates Plaintiff Giffords lacks Article III standing.

## III. THIS COURT SHOULD STAY THE PRESENT CASE PENDING A DECISION IN *END CITIZENS UNITED PAC V. FEC*

This Court should stay the present case pending a decision by the D.C. Circuit sitting en banc in *End Citizens United PAC v. FEC*.

This Court's authority to order a stay is well-settled. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); see also *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion [the court] may hold one lawsuit in abeyance to abide the outcome of another, especially where . . . the issues are the same." (citing *Landis*, 299 U.S. at 248)); *Enelow v. N.Y. Life Ins. Co.*, 293 U.S. 379, 382 (1935) (recognizing that district courts may stay a case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice"); accord *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." (citing *Landis*, 299 U.S. at 254, 57 S.Ct. 163)).

While a court exercises its discretionary decision to stay a case it must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Belize Social Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254–55, 57 S.Ct. 163). Identifying and weighing these "competing interests" of "possible hardship[s]," and "judicial economy," *id*., requires the court to

"make such determinations in the light of the particular circumstances of the case." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

There are hardly more stay-worthy circumstances than the one in which we find ourselves right now. As discussed *supra*, in *End Citizens United PAC v. FEC* the D.C. Circuit, sitting en banc, is poised to address jurisdictional questions that may bear on the issues presented in this case. "[L]itigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests." *Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, 274 B.R. 1, 3 (D.D.C.2002). Continuing to litigate the present case while the D.C. Circuit's forthcoming en banc decision is suspended over the parties and this Court like the Sword of Damocles benefits no one. On the other hand, staying this case will prevent fundamentally flawed litigation from continuing with a plaintiff who lacks Article III standing.

A stay would not only benefit judicial economy and Defendants' interests, but it would even benefit Plaintiff Giffords' interests rather than prejudicing them. First, staying this case will allow Plaintiff Giffords to preserve its resources while the D.C. Circuit potentially clarifies its jurisdictional infirmities. Staying this case pending the D.C. Circuit's disposition of *End Citizens United PAC v. FEC* also does not prejudice Plaintiff Giffords because such a stay is not indefinite. As this Court noted in its February 13, 2026, Order, the D.C. Circuit held oral arguments nearly a year ago and so a decision from that court is impending. *See* ECF 95.

Again, the questions pending before *End Citizens United PAC v. FEC* have the potential to weigh on the jurisdictional principles relevant to the present case and potentially clarify whether this Court has subject matter jurisdiction. If this Court were to proceed beyond the motion to dismiss stage while lacking subject matter jurisdiction, Defendants would be irreparably harmed

by the waste of time and precious resources litigating a matter needlessly. A temporary stay prevents such irreparable harm, conserves judicial resources, and benefits all parties.

## CONCLUSION

For the foregoing reasons, the Josh Hawley for Senate respectfully requests this Court stay this matter pending the D.C. Circuit's en banc disposition of *End Citizens United PAC v. FEC*, No. 22-5277 (D.C. Cir.).[1]

Respectfully submitted,

/s/ Dennis W. Polio
Dennis W. Polio
D.C. Bar No. 198054
Lex Politica
611 Pennsylvania Ave SE #353
Washington, DC 20003
Telephone: (540) 268-2806
Email: dpolio@lexpolitica.com
Counsel for Defendant Josh Hawley
for Senate

---

[1] Josh Hawley for Senate also notes the NRA's pending appeal before the D.C. Circuit in the Delay Suit—*Giffords v. FEC*, No. 25-5188 (D.C. Cir.). Josh Hawley for Senate reserves its right to seek a stay in this case pending the disposition of that appeal.